IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RUEMONDO GOOSBY,**

      **Petitioner,**

v.

**JEFF WOODS,**

      **Respondent.**

**Case No. 2:12-cv-10478**

**Judge Peter C. Economus**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court for consideration of Defendant's Motion for Summary Judgment and Dismissal of Petition for Writ of Habeas Corpus. (Dkt. 11.) For the reasons that follow, Defendant's motion is **GRANTED**, and this case is **DISMISSED**.

**I.**  **Background**

In 2007, Petitioner Ruemondo Goosby was convicted of carjacking in the Michigan Circuit Court for Oakland County. (Dkt. 12-12 at 4.) That court sentenced Goosby to a term of ten to forty years imprisonment. (*Id.*) The Michigan Court of Appeals affirmed the conviction on October 16, 2008 (Dkt. 12-13 at 1), and the Michigan Supreme Court denied Goosby's application for leave to appeal on March 23, 2009 (Dkt. 12-14 at 1).

On May 26, 2009, Goosby filed a habeas petition with the U.S. District Court for the Eastern District of Michigan, *Goosby v. Bell*, case no. 2:09-cv-11995. That court summarily dismissed the case without prejudice on June 25, 2009 because it contained unexhausted claims. (Case no. 2:09-cv-11995, Dkt. 4.)

On June 19, 2009, several days before his first petition was dismissed, Goosby filed a second habeas petition with the Eastern District of Michigan, *Goosby v. Bell*, case no. 1:09-cv-12363.  On September 11, 2009, the court dismissed the case as duplicative, finding that Goosby's second "petition challenges the same conviction, raises the same claims, and seeks the same relief as his previously filed petition." (Case no. 1:09-cv-12363, Dkt. 4.)

On February 8, 2011, Goosby filed a motion for relief from judgment with the Oakland County Circuit Court (Dkt. 12-15); the motion was denied on August 4, 2011 (Dkt. 12-16).

The petition in this case is dated January 20, 2012 and was filed on February 3, 2012. (Dkt. 1.)

## II.     Statute of Limitations

Because Goosby's petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), it is governed by that Act's one year statute of limitations. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations is tolled for any "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, when the habeas statute of limitations has already expired, a motion for relief from judgment "does not reset the date from which the one-year statute of limitations begins to run." *See Smith v. McGinnis*, 208 F.3d 13, 17

2

(2d Cir. 2000).

The statute of limitations is also subject to equitable tolling, to be granted "sparingly," *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

The Sixth Circuit has held that equitable tolling is also available based on a petitioner's claim of actual innocence if he can "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (citing *Schlup v. Delo*, 513 U.S. 298 (1995) for the standard of actual innocence). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* (quoting *Schlup*, 513 U.S. at 324).

### III.  Analysis

Here, the last day on which Defendant could have filed a petition for a writ of certiorari in the United States Supreme Court was June 21, 2009, which is 90 days after the Michigan Supreme Court denied his application for leave to appeal. *See* Sup. Ct. R. 13. Therefore, Goosby had until June 21, 2010 either to file his petition or to properly file an application for state post-conviction relief, which would toll the one year statute of limitations. Goosby failed to file his petition or to properly file an application for post-conviction relief prior to this deadline.

Nor is Goosby entitled to equitable tolling. Goosby states that although he mailed an earlier habeas petition (presumably his second) in May of 2009, it was not filed until June of 2009. He also states that he did not receive a timely response regarding that habeas petition or

regarding his motion for relief from judgment, which he states that he filed in July of 2010. Even if Goosby had filed his motion for relief in July of 2010, however, the statute of limitations had already run, and would not be tolled. Goosby has shown no "extraordinary circumstances" that prevented timely filing, and he has not presented "new reliable evidence" demonstrating that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See Souter*, 395 F.3d at 590 (citing *Schlup*, 513 U.S. 298).

Because Goosby filed his petition after the statute of limitations had run, and he has not demonstrated that an exception to the limitations period applies to this case, his petition is barred.

### IV.     Conclusion

For the reasons discussed above, the Defendant's Motion for Summary Judgment (Dkt. 11) is **GRANTED**, and this case is **DISMISSED**. The Court directs the Clerk to enter judgment.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE